# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:19-cr-00300 (JAM) |
| TREIZY LOPEZ and TYTHRONE FORD, *Defendants*. | |

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS INDICTMENT

Defendants Treizy Lopez and Tythrone Ford are charged with attempted robbery and firearms crimes, and they now move to dismiss the indictment against them. They primarily fault the Government for waiting nearly five years before charging them. In addition, Lopez argues that it is wrong for the Government to charge him with crimes for which evidence was previously admitted against him during the course of a prior state court trial involving a different crime. Because I conclude that the defendants have failed to show a violation of their constitutional rights, I will deny their motions to dismiss the indictment.

### DISCUSSION

On December 10, 2019, a federal grand jury charged Lopez and Ford with crimes stemming from an attempted robbery that occurred on April 11, 2015 at the Smokin' Wings restaurant in New Haven, Connecticut. Both defendants now move to dismiss the indictment under the Due Process Clause.

### *Pre-indictment delay*

Lopez and Ford argue that the Government waited too long—more than four-and-a-half years—before filing the charges against them. But they do not dispute that the indictment was timely filed prior to the expiration of the five-year statute of limitations that governs the crimes

1

charged in this case. *See* 18 U.S.C. § 3282(a). The Supreme Court has ruled that the statute of limitations is the "primary guarantee against bringing overly stale criminal charges," because such statutes "provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *United States v. Marion*, 404 U.S. 307, 322 (1971).[1]

In a similar vein, the Second Circuit has observed that "timely brought criminal prosecutions are only rarely dismissed" and that indictments brought within the statute of limitations period have "a strong presumption of validity." *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999). Therefore, if an indictment has been returned within the statute of limitations period, it is not subject to dismissal for reasons of delay unless a defendant can show not only that the Government *intentionally* delayed for an improper purpose (such as to gain a tactical advantage) but also that the delay actually caused *substantial prejudice* to the defendant's right to a fair trial. *See Marion*, 404 U.S. at 324; *Bierenbaum v. Graham*, 607 F.3d 36, 51 (2d Cir. 2010).

The reason for this demanding standard is because "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." *United States v. Lovasco*, 431 U.S. 783, 790 (1977). Indeed, "insisting on immediate prosecution once sufficient evidence is developed to obtain a conviction would pressure prosecutors into resolving doubtful cases in favor of early and possibly unwarranted prosecutions," and "the prosecutor might feel constrained to file premature charges, with all the disadvantages that would entail." *Id.* at 793.

---

[1] Unless otherwise noted, this ruling omits all internal quotations, citations, brackets, and other alterations in its quotations and citations of case decisions.

The defendants have not shown that the Government here delayed in order to gain some tactical advantage or for any other improper purpose. It is hard to see why the Government would believe it could profit from stalling the filing of an indictment: it is the Government that bears the burden to prove its case at trial beyond a reasonable doubt, and delay does not ordinarily weigh in favor of the party who bears a daunting burden and standard of proof at trial.

In any event, the record does not otherwise disclose any reason to suspect that the Government here decided it would be to its advantage to delay. It is not uncommon (or improper) for the Government to conduct "cold case" reviews and to reinvigorate an investigation just as the Government represents that it did here by means of new analysis of cell phone location and communication records as well as by re-interviewing victim witnesses.

Even assuming the Government harbored some nefarious purpose, the defendants have not shown any prejudice. They claim in no more than a conclusory fashion that they will be prejudiced because of their inability after more than four-and-a-half years to recall what they were doing on the night of April 11, 2015. But "[p]rejudice in this context has meant that sort of deprivation that impairs a defendant's right to a fair trial," and "[t]his kind of prejudice is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness." *Cornielle*, 171 F.3d at 752. Defendants point to no such loss of evidence or unavailability of witnesses. Bare claims of "[f]aded recollections and missing peripheral witnesses are not enough." *United States v. Rubin*, 609 F.2d 51, 66 (2d Cir. 1979).[2]

---

[2] Moreover, Lopez's claim that he cannot recall the events of April 11, 2015 is especially difficult to credit in view that he was subject to investigation and promptly interviewed by the police in late April 2015. Doc. #31 at 4-5. Although the Government also claims that "Ford knew he was under investigation," *id.* at 14, the Government does not cite any evidence to support this assertion.

In short, the defendants have not shown an intentionally improper delay or any actual prejudice. Accordingly, I will deny their motions to dismiss the indictment on grounds of pre-indictment delay.

### Alleged abuse of prosecutorial discretion

Lopez further argues that it is improper for the Government to charge him with crimes stemming from the attempted robbery at the Smokin' Wings restaurant because evidence of his involvement with the Smokin' Wings incident was already used against him at a prior state court trial for a *different* attempted robbery—one at Sapiao's Market in Bridgeport, Connecticut—that occurred earlier on the same day. According to Lopez, "[t]he State's Attorney essentially convicted [him] of the New Haven crime during his trial for the Bridgeport case," and "[t]he federal prosecutor abused their discretion in bringing this case into federal court when the evidence was already characterized as uncharged misconduct and admitted into a state trial by a trial judge."[3]

I do not agree. To begin with, the state court did not "convict" Lopez—"essentially" or otherwise—for any involvement with the Smokin' Wings incident. To the contrary, Lopez was subject to trial and convicted only for his involvement with the attempted robbery of Sapiao's Market in Bridgeport. To be sure, the state court admitted evidence about his involvement with the Smokin' Wings incident in New Haven, but this evidence was admitted subject to a strict limiting instruction that it could be considered only as to the issue of the identity of Lopez as one of the perpetrators in the attempted robbery of Sapiao's Market. *See State v. Lopez*, 199 Conn. App. 56, 63 & n.15 (discussing admission of this evidence and limiting instruction), *cert. denied*, 335 Conn. 951 (2020).

---

[3] Doc. #28-1 at 8.

As the Connecticut Appellate Court ruled, the admission of this evidence at the state court trial against Lopez was "emphatically harmless." *Id.* at 63. "There was strong physical evidence linking the defendant to the gun that was used in the robbery [at Sapiao's Market], as well as witness identification and the defendant's own admissions," such that "any error regarding the admission of evidence concerning Smokin' Wings was inconsequential." *Id.* at 67. In light of this conclusion that the admission of the evidence did not affect the state court verdict, Lopez has no grounds to argue that he has already been "convicted" for his involvement in the attempted robbery of the Smokin' Wings restaurant.

In any event, even if Lopez were correct that he has already been "convicted" in state court for his involvement with the attempted robbery of the Smokin' Wings restaurant, the Double Jeopardy Clause does not foreclose the federal government from initiating a federal prosecution on the basis of the same crime or conduct that has been the subject of a state court conviction. *See Gamble v. United States*, 139 S. Ct. 1960 (2019) (re-affirming the "dual sovereignty" doctrine in the context of a criminal defendant challenging a federal prosecution for unlawful possession of a firearm following his state court conviction for the same conduct of unlawful possession of firearm). Thus, "a state prosecution does not bar a later prosecution by a different sovereign – here, the federal government." *United States v. Johnson*, --- F. App'x ---, 2021 WL 1157273, at *2 (2d Cir. 2021).

Lopez does not cite any cases or other authority to suggest that his rights under the Due Process Clause are any greater than his rights under the Double Jeopardy Clause. If the Constitution already provides an explicit textual source of constitutional protection against certain governmental conduct, a defendant's rights are properly adjudged under the terms of that explicit source of constitutional protection (here, the Double Jeopardy Clause) rather than under

general notions of substantive due process. *See Hu v. City of New York*, 927 F.3d 81, 103-04 (2d Cir. 2019).

Nor does Lopez cite any precedent to suggest that prosecutors abuse their discretion or are forever precluded from charging a crime if evidence of a defendant's involvement in that crime has been previously admitted against the defendant at a trial for a different crime. "The decision to initiate prosecution, what charges to bring, and how to perfect and consolidate those charges is a quintessential prosecutorial function." *Ogunkoya v. Monaghan*, 913 F.3d 64, 71 (2d Cir. 2019). In the absence of a constitutional violation, it is not for the courts to review the exercise of prosecutorial discretion.

## CONCLUSION

For the reasons set forth above, the Court DENIES the motions of defendant Treizy Lopez and Tythrone Ford to dismiss the indictment (Docs. #28, 29).

It is so ordered.

Dated at New Haven this 21st day of May 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge